UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN YANG,<br><br>        Plaintiff,<br><br>    v.<br><br>CLARK DUCART,<br><br>        Defendant. | Case No. 16-cv-00902-JSC<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee. His petition sets forth five claims challenging the constitutionality of petitioner's conviction in state court: (1) ineffectiveness of trial counsel in failing to object to the admission of, or request a limiting instruction regarding, opinions expressed by Inspector Philpott; (2) denial of petitioner's right to a fair trial through the admission of evidence that petitioner had previously committed a robbery with use of a gun; (3) denial of petitioner's right to a fair trial through the admission of unduly gruesome autopsy photographs of the victim; (4) violation of petitioner's right to due process based on prosecutorial misconduct during closing arguments; and (5) that the cumulative errors in petitioner's case warrant relief. (Dkt. No. 1 at 5-23.)

These claims, when liberally construed, are cognizable and potentially meritorious. Good cause appearing, Respondent is hereby ordered to show cause why the petition should not be granted.

In order to expedite the resolution of this case, it is further ordered as follows:

1. The Clerk shall serve respondent and the respondent's attorney, the Attorney General of the State of California, with a copy of this order and the petition with all attachments.

2. Consistent with Habeas Local Rule 2254-6, Respondent shall file with the court and serve on petitioner, within 60 days of service of the petition and this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within 30 days of the date the answer is filed.

3. Respondent may file, within 60 days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within 14 days of the date any opposition is filed.

4. The Clerk shall send a notice to petitioner and respondent regarding consenting to the jurisdiction of a magistrate judge.

**IT IS SO ORDERED.**

Dated: March 16, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge